**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| BIOVANT, LLC d/b/a BIOVANTE, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| DUSTIN WASSENAAR, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve at:    84795 470th Ave | ) | |
|                Lakefield, MN 56150 | ) | |
| | ) | **INJUNCTIVE RELIEF** |
| and | ) | **REQUESTED** |
| | ) | |
| WASSENAAR AG SUPPLY, LLC, | ) | |
| | ) | |
| Serve at:    Dustin Wassenaar | ) | |
|                Registered Agent | ) | |
|                84795 470th Ave | ) | |
|                Lakefield, MN 56150 | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES</u>

Plaintiff Biovant, LLC d/b/a Biovante ("Biovante"), and for its Verified Complaint for Injunctive Relief and Damages against Defendants Dustin Wassenaar ("Wassenaar") and Wassenaar Ag Supply, LLC ("Wassenaar Ag"), states as follows:

### <u>NATURE OF ACTION</u>

1.    This lawsuit is being brought by Biovante against its former dealer representative, Wassenaar, and Wassenaar's company, Wassenaar Ag, to, among other things, enforce restrictive covenants contained in the parties' written agreement, enjoin Defendants' tortious interference with Biovante's contractual relations and/or business expectancies, and recover damages for Defendants' unlawful conduct.

## PARTIES, JURISDICTION, AND VENUE

2.     Biovante is a limited liability company organized and existing under the laws of Missouri.  Its principal place of business is located at 13308 County Road 731, Dexter, Missouri 63841. Biovante's sole member, Mr. Chris Masters, is a resident of Missouri.

3.     Wassenaar is an individual who, upon information and belief, resides at 84795 470th Avenue, Lakefield, MN 56150.

4.     Wassenaar Ag is a limited liability company organized and existing under the laws of Minnesota. Its principal place of business is located at 84795 470th Avenue, Lakefield, MN 56150. Wassenaar Ag can be served through its registered agent Dustin Wassenaar at 84795 470th Avenue, Lakefield, MN 56150. Upon information and belief, Dustin Wassenaar is the sole member of Wassenaar Ag and is a citizen of Minnesota.

5.     This Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332, based upon diversity of citizenship. Complete diversity exists between the parties and the damages in this matter exceed the jurisdictional limit of $75,000. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1332 and § 1367.

6.     Jurisdiction and venue are proper in this Court because, among other reasons, Wassenaar contractually agreed "to the exclusive jurisdiction and venue of the federal and state courts located in the State of Missouri for any dispute related to this Agreement or with respect to the enforcement of this Agreement" in his Agreement for Confidentiality (defined below).

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

### Biovante's Business

7.     Biovante is in the business of manufacturing, distributing, and selling high-quality, environmentally-friendly agricultural products for seed, soil, and plants.

DA 3637595.6

8.     As part of its business, Biovante engages dealers and sales representatives to assist selling its products.

9.     As a part of its business, Biovante has devoted significant time and money to develop its products and to maintain its customer and business associate relationships. The cultivation of these accounts cannot be easily replicated without a substantial investment of time, effort and money in building trust and personal relationships.

10.    In addition, in carrying out its business activities, Biovante relies on a wide variety of confidential and proprietary information and trade secrets that are the product of the expenditure of substantial time, expertise and experience. The confidential information as set forth in the Agreement for Confidentiality (defined below) includes, but is not limited to, trade secrets concerning the business and affairs of Biovante, product specifications, data, research and development, price lists, supplier information, formulae, customer information and lists, business plans, logistics, app ideas, computer software, supply sources, special manufacturing processes, potential new products or services, marketing plans, licenses, investor information, sales figures, sales and business strategy, and pricing.

11.    Biovante's confidential information derives its value from remaining confidential. Therefore, Biovante has a substantial interest in preventing the disclosure or improper use of its confidential information.

12.    Biovante's non-public information relating to its business, its products, and its relationships with customers qualify as trade secrets and/or confidential and proprietary information that is entitled to legal protection.  The disclosure of this information to the public or to Biovante's competitors would undermine Biovante's competitive advantage.

DA 3637595.6

13.    Biovante has substantial, legally protectable interests in: (a) protecting and preserving its customer relationships and goodwill; (b) maintaining, preserving and protecting its customer relationships from unfair competition; and (c) preventing the misuse of confidential information and/or trade secrets shared with contractors, agents and employees to enable them to perform their jobs.

14.    Biovante has devoted reasonable efforts to maintain and safeguard the confidentiality of its confidential information and trade secrets.  Those measures include requiring certain contractors and agents such as Wassenaar to execute agreements that forbid the disclosure of confidential information.

**Wassenaar's Contractual Obligations to Biovante**

15.    Wassenaar's business relationship began interacting with Biovante in 2019, as a customer.  In 2020, Wassenaar's relationship became that of a commissioned sales representative of Biovante's products.  Beginning in 2021, Wassenaar took on a larger role with Biovante and became a Biovante dealer representative.

16.    In an effort to protect its confidential and proprietary information and trade secrets, Biovante requires its dealer representatives to enter into an Agreement for Confidentiality.

17.    As a Biovante dealer representative, Wassenaar was exposed to and became privy to Biovante's Confidential Information.

18.    Wassenaar entered an Agreement for Confidentiality (the "Confidentiality Agreement") on August 16, 2022, wherein he agreed, among other things, that:

> 5.   Representative hereto agrees to exercise the highest degree of care in safeguarding the Confidential Information of Biovante against loss, theft or other inadvertent disclosure, and agrees generally to take all steps necessary to ensure the maintenance of confidentiality Representative agrees that it will keep in strictest confidence and trust all Confidential Information of Biovante that is disclosed or provided to it and will not use or disclose any

4

such Confidential Information to any third parties without the written consent of Biovante, and will only use or disclose such Confidential Information within its own organization or to its own employees or agents or other such persons on a "need-to-know basis" as may be necessary in the ordinary course of its performance of any contractual duties or obligations to, or the negotiation, consummation or conduct of a business transaction or other arrangement with Biovante. Representative agrees that it will take reasonable security precautions, at least as great as the precautions it takes to protect its own confidential information, to prevent disclosure of the Confidential Information.

6.   Representative acknowledges that it will not obtain any rights of any sort in or to the Confidential Information of Biovante as a result of the disclosure to it of such Confidential Information, all of which shall remain the sole and exclusive property of Biovante. Biovante, by disclosing information to Representative, does not grant to the Representative any express or implied right or license to or under its Confidential Information, including to any patents, copyrights, trademarks or trade secret information.

7.   Upon completion of the business transaction or relationship with respect to which any Confidential Information of a party hereto was disclosed, or in the event that negotiations for the establishment of a business transaction or other arrangement is terminated without the consummation of such transaction or arrangement, Representative hereto will promptly destroy or deliver all data, memoranda, customer lists, notes, disks, programs, forms and other papers and items, and reproductions thereof, as well as analyses, compilations, studies, personal notes and other documentation prepared by it based on Confidential Information provided by Biovante, containing Confidential Information of Biovante then in its possession or control to Biovante, and shall retain no copies of, notes on, or abstracts of such Confidential Information thereafter.

(A true and accurate copy of Wassenaar's Confidentiality Agreement is attached hereto as

Exhibit 1 and incorporated herein by reference.)

19.   The Confidentiality Agreement also contains a non-compete covenant that provides:

8.   Representative agrees that it will not solicit Biovante's employees for purposes of employment for a period of two years from the date of this Agreement. Representative further agrees to refrain from soliciting, promoting, or becoming a representative for a biologically minded company that would directly compete with Biovante in the line of seed treatments, soil amendments, and/or foliar products, for a period of two (2) years from the termination of this Agreement, such termination date being effected by letter from Biovante to Representative. Such companies include but are not limited

DA 3637595.6

to; Indigo Ag, Pivot Bio Proven, Holganix, Biodyne, Azotic North America. The Parties agree that this non-compete clause is reasonable in time and scope.

*See Exhibit 1.*

20.    The Confidentiality Agreement defines Confidential Information as:

[A]ny and all trade secrets concerning the business and affairs of Biovante including product specifications, data, compositions, designs, sketches, photographs, graphs, drawing, samples, past, current and planned research and development, current and anticipated customer requirements, price lists, logistics, market studies, business plans, supplier information, app ideas, computer software, programs and database technologies, systems, structures and architectures, brand names, brand strategies, processes, formulae, know-how, improvements, discoveries, developments, designs, algorithms, inventions and ideas, techniques, strategies, new products, marketing plans, business plans, forecasts, unpublished financial statements, contract forms, budgets, projections, licenses, prices, costs, business contacts, investor names, customer and supplier lists and employees, as well as analyses, compilations, studies, personal notes and other documentation prepared by Representative based on Confidential Information provided by Biovante, and any other information of a similar nature not available to the public, whether oral or written, in drawings or in machine-readable form, and whether or not expressly marked "Confidential" or "Proprietary."

*See Exhibit 1.*

21.    The Confidentiality Agreement also provides:

9.  If Representative fails to abide by this agreement, Biovante will be entitled to specific performance, including immediate issuance of a temporary restraining order or preliminary injunction enforcing this agreement and to judgment for damages caused by such breach and to any other remedies provided by applicable law, including payment of the prevailing party's attorney fees.

*See Exhibit 1.*

22.    Wassenaar acknowledged that he understood that the confidential information referenced above is the property of Biovante, it was carefully developed by Biovante over long periods of time with great cost and expense, and Biovante will suffer great loss and damage which

DA 3637595.6

is difficult, if not impossible, to compute in the event its trade secrets and confidential information falls into the hands of unauthorized persons or are not returned by Wassenaar to Biovante.

23.    Wassenaar also acknowledged that he understood that he would refrain from soliciting, promoting, or becoming a representative for a biologically minded company that would directly compete with Biovante for a period of two years from the termination of the Confidentiality Agreement. Wassenaar acknowledged that these terms are reasonable in time and scope.

24.    Throughout his dealer relationship with Biovante, Wassenaar had access to, knowledge of, and familiarity with Biovante's confidential information and trade secrets as set forth above. In addition, Wassenaar used the confidential information and trade secrets as part of his professional dealer relationship with Biovante.

25.    As a dealer for Biovante, Wassenaar serviced Biovante's sales representatives during which Wassenaar gained access to Biovante's customer lists and customer information along with said sales representatives' customer lists and information.

**Wassenaar's Breaches of the Agreement**

26.    Wassenaar's relationship as a dealer for Biovante ended on or about September 16, 2023.

27.    Upon information and belief, Wassenaar's entity, defendant Wassenaar Ag, is in the business of manufacturing, selling and/or distributing agricultural products for seed treatments, soil amendment and/ or foliar products.

28.    Wassenaar, individually and/or through Wassenaar Ag, has entered into a partnership with BioTech Innovations ("BioTech"), a company that directly competes with Biovante.

7

29.   Wassenaar, individually and/or through Wassenaar Ag, promotes and markets BioTech agricultural products.

30.   The BioTech products promoted and marketed by Wassenaar, individually and/or through Wassenaar Ag, are agricultural products for seed treatments, soil amendment and/or foliar products.

31.   The BioTech products promoted and marketed by Wassenaar, individually and/or through Wassenaar Ag are products designed to compete directly with Biovante.

32.   Indeed, in communications to clients and prospective clients of Wassenaar Ag (including clients of Biovante), Wassenaar, in brazen disregard of his obligations to Biovante under the Agreement, described BioTech's products as "the same great biological technologies" as he previously marketed and sold as a dealer for Biovante, but "under a new name."

33.   Wassenaar, individually and/or through Wassenaar Ag, has utilized Biovante's Confidential Information to solicit Biovante's existing customers.

34.   Biovante is informed and believes that, using Biovante's customer lists, which are considered Confidential Information, Wassenaar, individually and/or through Wassenaar Ag, has solicited Biovante's customers and has convinced the customers to not purchase products from Biovante but to instead purchase BioTech products promoted and marketed by Wassenaar, individually and/or through Wassenaar Ag.

35.   Biovante is informed and believes that Wassenaar, individually and/or through Wassenaar Ag, has solicited Biovante's customers and has convinced said customers to cease doing business with Biovante.

36.   Biovante is informed and believes that Wassenaar, individually and/or through Wassenaar Ag, is regularly communicating with Biovante's customers to foster Wassenaar's

DA 3637595.6

personal relationship with Biovante's customers and undermine the relationships built on behalf of Biovante in an effort to cause customers to cease doing business with Biovante and to begin doing business with BioTech and/or Wassenaar Ag.

37.   All of the foregoing conduct by Wassenaar, individually and/or through Wassenaar Ag, was in violation of his Confidentiality Agreement and his common law duties to Biovante.

38.   Upon learning of information concerning Wassenaar's conduct, Biovante, through counsel, sent a letter to Wassenaar on October 5, 2023, demanding that he cease and desist from his violations of the Confidentiality Agreement with Biovante. (A true and accurate copy of the letter is attached hereto as Exhibit 2 and incorporated herein by reference.)

39.   As of the date of the filing of this Petition, Wassenaar has not complied with Biovante's demands. Rather, Wassenaar has failed and refused to honor his obligations to Biovante and has contested his obligation to adhere to the covenants in the Agreement.

40.   Biovante is informed and believes that Wassenaar, individually and/or through Wassenaar Ag, has continued to engage in unlawful conduct in violation of his Confidentiality Agreement and his common law duties to Biovante.

41.   Biovante has suffered damages and will continue to suffer damages if Wassenaar, individually and/or through Wassenaar Ag, continues to engage in the unlawful conduct in violation of the Confidentiality Agreement.

## COUNT I

**(Injunctive Relief Against Wassenaar and Wassenaar Ag)**

For its claim in Count I against Wassenaar and Wassenaar Ag for immediate, preliminary, and permanent injunctive relief, Biovante states as follows:

42.   Biovante repeats and realleges each of the allegations contained in Paragraphs 1 through 42 as if fully set forth herein.

9

43. The conduct of Wassenaar, individually and/or through Wassenaar Ag, in promoting and marking BioTech agricultural products is in violation of the promises and obligations contained in his Confidentiality Agreement with Biovante, as well as his other duties to Biovante.

44. The conduct of Wassenaar, individually and/or through Wassenaar Ag, to solicit, provide business and/or services for, and interfere with and/or disrupt or attempting to disrupt the business of Biovante customers, in an effort to cause such customers to instead do business with BioTech and/or a competing business entity(ies) is in violation of the promises and obligations contained in his Confidentiality Agreement with Biovante, as well as his other duties to Biovante.

45. Biovante is likely to prevail on the merits of its claims set forth in this Complaint to prevent Wassenaar's unlawful conduct and enforce the Confidentiality Agreement with Biovante.

46. The restrictions contained in Wassenaar's Confidentiality Agreement are reasonable both in scope and duration and are necessary to protect the legitimate interests of Biovante under applicable Missouri law.

47. Biovante has protectable interests in its customer relationships, in its employee and independent contractor relationships, and in its former employees and contractors not unlawfully competing against it, which interests are subject to protection and enforcement by way of temporary, preliminary, and permanent injunctive relief.

48. The equities favor the granting of the injunctive relief sought against Wassenaar and Wassenaar Ag in this Complaint, including a temporary restraining order, to preserve the status quo and enforce his Confidentiality Agreement with Biovante.

49. Biovante will suffer irreparable harm if the injunctive relief sought against Wassenaar and Wassenaar Ag in this Petition, including a temporary restraining order, is not entered

DA 3637595.6

immediately by the Court to prevent his unlawful conduct and enforce his Confidentiality Agreement with Biovante.

50.     Unless Wassenaar, individually and/or through Wassenaar Ag, is enjoined from unlawfully competing with Biovante, unlawfully soliciting Biovante's customers and employees and representatives, and unlawfully interfering with Biovante's contractual relations and/or business expectancies, Biovante will be immediately and irreparably harmed by:

(a)     Loss of employee, contractor and customer relationships, loss of business opportunities, loss of good will, loss of competitive advantage, and loss of business which resulted and/or will result from Wassenaar's unlawful conduct as described in this Complaint; and

(b)     Present economic loss that is unascertainable at this time and future economic loss that is presently incalculable.

51.     Biovante has no adequate remedy at law to protect its interests and rights that are being violated by Wassenaar, individually and/or through Wassenaar Ag.

52.     The public interest, to the limited extent it is implicated, is served by upholding valid contracts, requiring Wassenaar to abide by the terms of the Confidentiality Agreement, and by preventing Wassenaar, individually and/or through Wassenaar Ag from utilizing Biovante's Confidential Information, including customer lists, to interfere with Biovante's business contracts and relationships.

WHEREFORE, Biovante respectfully requests that the Court enter an Order temporarily and immediately enjoining and restraining:

(a)     Wassenaar, individually and/or through Wassenaar Ag, from promoting, associating, and/or representing BioTech Innovations;

11

(b)     Wassenaar, individually, and/or through Wassenaar Ag, from promoting, marketing, and/or selling any product manufactured or distributed by BioTech Innovations;

(c)     Wassenaar, individually and/or through Wassenaar Ag, from soliciting, contacting, approaching, or providing services (directly or indirectly) to any customer of Biovante;

(d)     Wassenaar, individually and/or through Wassenaar Ag, from utilizing Biovante's confidential and proprietary information in any manner and/or disclosing such information to any third-party; and

In addition, following a hearing on Biovante's application for a preliminary injunction or a consolidated hearing on Biovante's application for a preliminary and permanent injunction, Biovante requests that the Court issue an Order prohibiting Wassenaar and Wassenaar Ag, and anyone acting in concert, from violating any of the prohibitions set forth in subparagraphs (a), (b), (c), and (d), and award Biovante pre- and post-judgment interest at the maximum rate authorized by law, its attorneys' fees and costs incurred in this action, and any other relief the Court deems just and proper.

## COUNT II

### (Breach of Contract Against Wassenaar)

For its claim in Count II against Wassenaar for breach of contract, Biovante states as follows:

53.     Biovante repeats and realleges each of the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

54.     The conduct of Wassenaar, individually and/or through Wassenaar Ag, in promoting and marking BioTech agricultural products is in violation of the promises and obligations contained in his Confidentiality Agreement with Biovante, as well as his other duties to Biovante.

55.   The conduct of Wassenaar using Biovante's Confidential Information to solicit, provide business and/or services for, and interfere with and/or disrupt or attempting to disrupt the business of Biovante customers, in an effort to cause such customers to instead do business with BioTech and/or a competing business entity(ies) is in violation of the promises and obligations contained in his Confidentiality Agreement with Biovante.

56.   Biovante has been damaged as a result of Wassenaar's breach of his contractual obligations to Biovante, including, but not limited to, loss of revenue, loss of profits, loss or potential loss of contractual relations and/or business expectancies and/or goodwill, damage or potential damage to existing and/or prospective customer relationships, and other, yet-to-be-ascertained harm.

WHEREFORE, Biovante respectfully requests that the Court enter judgment in its favor on Count II for breach of contract against Wassenaar, and award Biovante damages in excess of $75,000.00, with the precise amount of damages to be ascertained with specificity at the trial of this action, pre- and post-judgment interest at the maximum rate authorized by law, its attorneys' fees and costs incurred in this action, and any other relief the Court deems just and proper.

## COUNT III

**(Tortious Interference with Business Expectancies Against Wassenaar and Wassenaar Ag)**

For its claim in Count III against Wassenaar and Wassenaar Ag for tortious interference with contract and business expectancies, Biovante states as follows:

57.   Biovante repeats and realleges each of the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

58.   Biovante has, or had, contracts and/or business relations and/or business expectancies with various customers, clients, and accounts, as well as prospective business relations and/or expectancies.  Wassenaar, by virtue of his contractual relationship with Biovante, was aware of

13

DA 3637595.6

Biovante's contracts and/or business relations and/or business expectancies, and was privy to Biovante's confidential and proprietary information, including such information relating to Biovante's customer lists.

59.    Biovante had an existing and/or reasonable expectation of an economic benefit or advantage arising from its confidential and proprietary information, including with respect to its ongoing contracts and/or business relations and/or business expectancies with its customers.

60.    Wassenaar, individually and/or through Wassenaar Ag, had knowledge of Biovante's contracts and/or business relations and/or business expectancies, including with its customers, by virtue of his (former) contractual relationship with Biovante.

61.    Wassenaar, individually and/or through Wassenaar Ag, had a duty to not interfere with Biovante's contracts and/or business relations and/or business expectancies during their relationship with Biovante and/or for a certain time period thereafter, and a duty not to utilize Biovante's confidential and proprietary information in contravention of Biovante's interests both during and after their contractual relationship with Biovante.

62.    Upon information and belief, Wassenaar, individually and/or through Wassenaar Ag, intentionally and without justification interfered with Biovante's contracts and/or business relations and/or business expectancies, including, but not limited to, by utilizing his contractual dealer status with Biovante and his access to Biovante's confidential and proprietary information to contact and solicit business and/or to attempt to contact and solicit business, all to Biovante's detriment.

63.    Biovante has received economic benefit from its contracts and/or business relations and/or business expectancies, including with its customers, and it is reasonably probable that Biovante would have received further economic benefit in the form of new business agreements,

DA 3637595.6

sales, revenue, and profit in the absence of Wassenaar, individually and/or through Wassenaar Ag's, unlawful interference with Biovante's contracts and/or business relations and/or business expectancies.

64.    Wassenaar, individually and/or through Wassenaar Ag, was without justification for causing the intentional interference with Biovante's valid contracts and/or business relations and/or business expectancies.

65.    As a consequence of the foregoing, Biovante has been damaged, and has suffered and will continue to suffer immediate and irreparable harm.

66.    The actions of Wassenaar, individually and/or through Wassenaar Ag, were done maliciously, willfully, wantonly and/or with reckless disregard for the rights of Biovante.

WHEREFORE, Biovante respectfully requests that the Court enter judgment in its favor on Count III for tortious interference with contract and business expectancy against Wassenaar and Wassenaar Ag, and award Biovante damages in excess of $75,000.00, with the precise amount of damages to be ascertained with specificity at the trial of this action, punitive damages as are fair and reasonable, pre- and post- judgment interest at the maximum rate authorized by law, its attorneys' fees and costs incurred in this action, and any other relief the Court deems just and proper.

Respectfully submitted,

SPENCER FANE LLP

By:    */s/ Thomas W. Hayde*
       Thomas W. Hayde, #57368(MO)
       Catherine L. Schwarze # 71161(MO)
       1 N. Brentwood Blvd., Suite 1200
       St. Louis, Missouri 63105
       (314) 863-7733 (telephone)
       (314) 862-4656 (facsimile)
       thayde@spencerfane.com

15

cschwarze@spencerfane.com

Joshua C. Dickinson, # 51446(MO)
13815 FNB Parkway, Suite 200
Omaha, NE 68154
Telephone: (402) 965-8600
Facsimile: (402) 965-8601
E-mail: jdickinson@spencerfane.com

*Attorneys for Plaintiff*


STATE OF _____          )
                            ) ss.
_____ COUNTY           )

### VERIFICATION

The undersigned, Chris Masters, first duly sworn on oath, deposes and states that I am the Sole Member of Biovant, LLC d/b/a Biovante, the Plaintiff in this action.  I am duly authorized to make this Verification on behalf of Biovant, LLC d/b/a Biovante.  I have read the foregoing Verified Complaint for Injunctive Relief and Damages, and have personal knowledge of the facts therein recited.  The facts therein contained are true and correct to the best of my knowledge and belief.

_____

Subscribed and sworn before me this _____ day of _____, 2024.


_____
Notary Public

16

DA 3637595.6