# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BIOVANT, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-00106-SEP |
| | ) |
| Dustin Wassenaar and Wassenaar | ) |
| AG Supply, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Consent Motion for Leave to File Under Seal, Doc. [49]. For the reasons set forth below, the motion is granted in part.

### FACTS AND BACKGROUND

This case comes before the Court on Plaintiff's Motion for a Temporary Restraining Order. Doc. [4]. The Court issued a TRO on February 3, 2024, and set a preliminary injunction hearing for March 1, 2024. *See* Docs. [32], [38]. The parties submitted their briefs for the preliminary injunction hearing, and Defendants filed a Consent Motion for Leave to File Under Seal. Doc. [49]. Defendants ask for Exhibits 2, 4-19, 21, and 22, and portions of Defendants' Memorandum in Support of their Opposition to Biovante's Motion for Preliminary Injunction to be sealed.

### DISCUSSION

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). When evaluating motions to seal, the "court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Id.* (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the]

resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Under the Court's Local Rules, the proponent of sealing must file an unsealed motion for sealing that generally describes "the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential"; "the legal grounds for the sealing"; and, if requesting indefinite sealing, "the reasons supporting the request."  E.D. Mo. L.R. 13.05(A)(4)(a).  The movant also must file under seal a "Memorandum Supporting Sealing" that states "the specific legal and factual reasons justifying the sealing."  *Id.* at 13.05(A)(4)(b)(i).

Defendants have not met the standard for sealing most of the materials they seek leave to seal.  In Defendants' sealed Memorandum in Support of Defendants' Consent Motion for Leave to File Under Seal, the justification Defendants offer for sealing Exhibits 2, 6-19, 21, and 22 is either (1) "the public has no particular interest in these specific records," or (2) the parties' Joint Stipulated Protective Order requires them to file the material under seal.  Doc. [50] at 3-5.  Defendants also ask for those documents to be sealed completely without discussing whether the documents could be redacted.

Defendants' assertion that the public has no interest in the documents is insufficient to warrant sealing.  "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d 511.  Defendants have not provided a compelling reason for sealing Exhibits 2, 6-19, 21, and 22.  And the "fact that certain information or material has been protected as confidential by parties in a case pursuant to a Protective Order is relevant to, but not dispositive of, whether this information or material will be sealed when filed with the Court."  E.D. Mo. L.R. 13.05(A)(3).  Therefore, the motion is denied as to Defendants' Exhibits 2, 6-19, 21, and 22, and the portions of Defendants' memorandum that are sealed because they reference those Exhibits.

Defendants do provide compelling reasons for sealing portions of Exhibits 4 and 5.  Defendants argue that those documents—invoices from and personal checks to Wassenaar Ag Service, LLC—are essentially a customer list of all the customers that Defendants sold Biovante products to.  The documents also contain the names and addresses of third parties.  One of the central issues in this suit is who these customers "belong to," Biovante or Wassenaar Ag Service.  The Court takes no position at this time on whether the customer names are protected trade secrets under federal or Missouri law, but requiring Defendants to disclose that information on

2

the public docket would undermine their ability to defend against Plaintiff's claims. The Eighth Circuit has upheld sealing decisions to protect similar "confidential and competitively sensitive information." *IDT Corp.*, 709 F.3d at 1224. The third parties named in Exhibits 4 and 5 also have a compelling interest in keeping their names and addresses off the public docket. At this stage of the litigation, those two interests outweigh the public's interest in disclosure.

Those interests do not warrant sealing of the entire documents, however. Much of the information in Exhibits 4 and 5 is not customer names and addresses. Defendants have not provided a compelling reason to seal that information. Therefore, Defendants are ordered to redact only the names and addresses of the third parties in Exhibits 4 and 5.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Consent Motion for Leave to File Under Seal, Doc. [49], is **GRANTED IN PART**. The motion is granted as to Exhibits 4 and 5, and denied as to Exhibits 2, 6-19, 21, and 22, and the portions of Defendants' memorandum, Doc. [48], that are sealed because they reference those exhibits.

**IT IS FURTHER ORDERED** that Defendants must redact Exhibits 4 and 5 as specified in this Order and file the redacted versions on the public docket no later than Friday, March 8, 2024.

**IT IS FINALLY ORDERED** that this Order is stayed for fourteen (14) days to allow for appeal of the denial in part of Doc. [49] or filing of a meritorious motion for leave to file under seal in conformity with Local Rule 13.05. *See* E.D. Mo. L.R. 13.05(A)(4)(g). Barring one of the foregoing, the Clerk is ordered to unseal Doc. [50] and its attachments, except Exhibits 4 and 5, effective March 15, 2024.

Dated this 1st day of March, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE